Josephine **DICKEY** and Helen **Wirth,** Trustees for the African Methodist Episcopal Church in Grand Junction, Colorado, Plaintiffs-Appellees,

v.

**J.D. SNODGRASS, Laird T. Milburn, William D. Prakken, Paul Brown, d/b/a Far West Investors; E.B. Childress and Mathew A. Watley, individually and in their capacities as Trustees of the African Methodist Episcopal Church, Rocky Mountain District Colorado Conference and All Unknown Persons who claim an Interest in the Subject Matters of this Action, Defendants-Appellants.**

No. 81CA0623.

Colorado Court of Appeals, Div. I.

Sept. 15, 1983.

Rehearing Denied Oct. 13, 1983.

**52**

Trimble & Tate, Penfield W. Tate, II, Denver, for plaintiffs-appellees.

A.M. Coren, Denver, for defendants-appellants.

ENOCH, Chief Judge.

Plaintiffs initiated this action to quiet title in certain church real property. Defendants responded, claiming superior title in themselves. After trial to the court, it decreed that plaintiffs had no right or interest in the property, that defendants also had no right or interest in the property, and ordered that title be vested in a trust set up by the court. Defendants appeal from that part of the judgment denying their claim to the property, and the creation of the trust. Plaintiffs did not cross-appeal. We affirm.

This dispute arose when defendants E.B. Childress and Mathew A. Watley, officers of the national organization of the African Methodist Episcopal Church (National), attempted to convey the property to defendants J.D. Snodgrass, Laird T. Milburn, William D. Prakken and Paul Brown, d/b/a Far West Investors (Investors). Plaintiffs thereupon filed this suit to quiet title in themselves as "trustees" for the local church.

The record reveals that in 1883, the Grand Junction Town Company conveyed the property to the "African Methodist Episcopal Church of Mesa County" for "church purposes." See § 7–50–107, C.R.S. 1973 (allowing property to be conveyed to religious associations). The deed contained no reverter clause. In 1892, two affidavits of incorporation were filed by the African Methodist Episcopal Church of Grand Junction—the first adopting the Rules of Discipline of The African Methodist Episcopal Church as the mode of government, while the second referred only to the usages and customs of such church society. At no time thereafter did the local incorporated church convey title to the property to National as required by its Rules of Discipline, or as allowed by Colorado statute. Section 7–50–106, C.R.S.1973.

In resolving church property disputes, this court applies the neutral principles approach, specifically the "formal title" approach suggested by *Maryland & Virginia Eldership of the Churches of God v. Church of God at Sharpsburg*, 396 U.S. 367, 90 S.Ct. 499, 24 L.Ed.2d 582 (1970) (Brennan, J. concurring). *See Bishop & Diocese v. Mote*, 668 P.2d 948 (Colo.App.1983) (*cert. granted on other grounds* August 23, 1983); *Bernson v. Koch*, 35 Colo.App. 257, 534 P.2d 334 (1975). On this basis, a court can "determine ownership by studying deeds, reverter clauses, and general state corporation laws." *Bernson, supra.* Applying this analysis, we conclude that there is sufficient evidence in the record to support the trial court's determination that National, and therefore Investors, has no right, title, or interest in the property.

Because we agree that defendants have no right, title, or interest in the subject property and, thus, have no standing to complain about the court's disposition of the property, we do not consider defendants' contention that the court erred in vesting title in the court-created trust.

Judgment affirmed.

STERNBERG and METZGER, JJ., concur.